W.L. Rivers Black, OSB No. 045397
Email: rblack@nicollblack.com
NICOLL BLACK & FEIG, PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA  98101
Phone: (206) 838-7555
Fax: (206) 838-7515

*Attorneys for Crowley Marine Services, Inc*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., a Delaware corporation,<br><br>               Plaintiff,<br>   vs.<br><br>SEAN O'GRADY, an individual,<br><br>               Defendant. | IN ADMIRALTY<br><br>No.: 3:19-cv-00910<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Crowley Marine Services, Inc. ("Crowley"), for its Complaint against the above-named defendant, alleges upon information and belief:

## I.    PARTIES

1.1    Crowley is a corporation incorporated, organized, and existing under the laws of Delaware, with a principal place of business in Seattle, Washington, doing business as a marine transportation company.

1.2    Sean O'Grady ("O'Grady") is a United States citizen residing in Astoria, Oregon.

## II.     JURISDICTION

2.1     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 - 2202 for the purpose of determining questions of actual controversy between the parties, namely, Crowley's obligation, if any, to pay for certain medical care, and to provide O'Grady with a daily stipend, pursuant to the doctrine of maintenance and cure, and therefore comprises an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.2     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1333.

2.3     Venue is proper in this District and Division pursuant to Rules 9(h) and 82 of the Federal Rules of Civil Procedure.

## III.     FACTS

3.1     Upon information and belief, prior to 2018, and while in middle school and high school, O'Grady suffered from several related medical conditions (collectively, the "Conditions") and received treatment. He was treated for the Conditions with prescription medicine as recently as 2015.

3.2     On February 13, 2018, as a prerequisite of applying for employment with Crowley, and in preparation for a fitness for duty physical examination, O'Grady completed a two-page Crowley Medical Examination History ("MEH") form in his own handwriting and signed the document. Above O'Grady's signature on the MEH form was the following statement:

> I understand that an accurate and complete medical history is vital to the examining physician and that it is essential that I answer all questions truthfully and completely. I hereby certify that all information given by me in connection with the medical assessment is true and accurate to the best of my knowledge and belief. I understand and agree that any misstatement of facts may cause forfeiture on my part of the job offered, and may result in dismissal after employment.

3.3     Near the top of the first page of the MEH form was the following warning in bold print:

> IMPORTANT: Misrepresentation or willful withholding of information regarding your medical history may constitute fraud and result in your termination from employment, in accordance with company policy and loss of maintenance and cure benefits.

3.4     Below the warning on the MEH form are two columns of medical conditions and "YES" and "NO" columns to be annotated by the examinee (in this case, O'Grady). The examinee is instructed that every "YES" answer must be fully explained is a space provided on the following page.

3.5     In Section 8 of the MEH form, O'Grady answered "NO" to two inquiries that describe the Conditions for which he had been treated as described above in paragraph 3.1 as recently as 2015. O'Grady did not provide any information on the MEH form regarding the Conditions or prior medical treatment of the Conditions. O'Grady did not otherwise inform Crowley of any  medical condition, evaluation, diagnosis and / or treatment in his medical history related to the Conditions.

3.6     Receiving truthful answers to the conditions listed on the MEH form is a necessary and  important component of Crowley's medical screening and hiring process. The information sought by Crowley regarding the medical Condition at issue is rationally related to the applicant's physical ability to perform the prospective job duties. Failing to disclose truthful answers to the conditions on the MEH form deprives Crowley and the screening physician of the opportunity to follow up to obtain more information about the disclosed conditions before the applicant is hired. The answers O'Grady provided on the MEH form were relevant and material to Crowley's decision to hire and continue employing O'Grady.  Had truthful information been provided on the MEH form, Crowley would have conducted further inquiry, including obtaining and considering prior medical records, and, depending on the information disclosed in such records, may not have hired O'Grady upon full an accurate disclosure of his medical history.

3.7     On or about February 13, 2018, as a prerequisite of applying for employment with Crowley, O'Grady completed portions of a 5-page U.S. Coast Guard form titled, "APPLICATION FOR MERCHANT MARINER MEDICAL CERTIFICATE" ("CG-719K") in his own handwriting and signed the document. Above O'Grady's signature on the CG-719K form was the following statement, in relevant part:

My signature below attests, subject to prosecution under 18 USC 1001, that all information provided by me on this form is complete and true to the best of my knowledge, and I agree that it is to be considered part of the basis for issuance of any medical certificate to me. I have not knowingly omitted any material information relevant to this form.

3.8    Section II(a) of the CG-719K form is titled, "Medical Conditions" and the instructions say, "To be completed by the Applicant and reviewed by the Medical Practitioner." The instructions above a list of 34 separate conditions state, "To the best of your knowledge, have you ever had, required treatment for, or do you presently have any of the following conditions?" The following section of the CG-719K form provides space for the medical practitioner conducting the review to provide supplemental information for each "YES" answer, such as "the condition/diagnosis, date of onset or diagnosis, any treatment required or received, the current status of the condition, and any limitations to the condition."

3.9    O'Grady answered "No" to two inquiries that describe the Conditions for which he had been treated as described above in paragraph 3.1 as recently as 2015. O'Grady did not provide any information on the CG-719K form regarding the Conditions or prior medical treatment of the Conditions. O'Grady did not provide any information on the CG-719K form regarding any  medical condition, evaluation, diagnosis and / or treatment in his medical history related to the Conditions. Upon information and belief, O'Grady did not otherwise inform the Coast Guard of the Conditions.

3.10    On or about June 4 through June 6, 2018, O'Grady was serving onboard the COASTAL RELIANCE and assigned as a member of a team cleaning fuel tanks in preparation for laying the vessel up.

3.11    Subsequent to his work cleaning the fuel tanks, O'Grady sought medical treatment beginning on June 13, 2018, and alleged that he had been exposed to petroleum and petroleum fumes while cleaning the COASTAL RELIANCE tanks. Between June 2018 and January 2019, O'Grady obtained medical treatment that he claimed was related to his exposure onboard the COASTAL RELIANCE. On January 11, 2019, his treating physician referred for evaluation by a medical specialist.

COMPLAINT FOR DECLARATORY RELIEF - 4

3.12    On April 2, 2019, O'Grady underwent medical testing. At the conclusion of the testing, the medical specialist providing treatment to O'Grady diagnosed O'Grady as currently having the Conditions.

3.13    O'Grady continues to treat the Conditions and remains off work. To date, all of O'Grady's medical treatment that he relates to his industrial injury has been paid for by Crowley pursuant to the doctrine of cure.

3.15    During the entire time that O'Grady has been under the care of his treating physicians for conditions he relates to his industrial injury, Crowley has paid him a stipend pursuant to the doctrine of maintenance and consistent with the terms of the applicable collective bargaining agreement.

#### IV.    CLAIM FOR DECLARATORY RELIEF – MAINTENANCE AND CURE

4.1    Crowley reasserts all preceding paragraphs as if fully set forth herein.

4.2    Crowley alleges that, in light of O'Grady's concealment of his prior diagnosis and treatment of the pre-existing Conditions when applying for employment with Crowley, Crowley is relieved from any obligation to provide maintenance and cure for treatment of the Conditions as a result of O'Grady's recent alleged shipboard incident.

4.3    Based on the foregoing allegations, Crowley alleges that an actual controversy has arisen and now exists between Crowley and O'Grady concerning the extent to which Crowley is obligated to pay for any of the medical care currently demanded by O'Grady under the doctrine of cure as well as any stipend demanded by O'Grady under the doctrine of maintenance.

4.4    Crowley therefore seeks a declaration that it has no obligation under the doctrine of maintenance and cure to authorize and/or pay for any of the medical care currently requested by O'Grady, and has no obligation under the doctrine of maintenance and cure to provide O'Grady with a daily stipend, or "maintenance." A prompt and speedy declaration of the rights and duties of all parties is necessary and appropriate at this time, given the clearly-delineated controversy outlined above.

## V.    **PRAYER**

WHEREFORE, Crowley prays for judgment as follows:

1        That the Court declare that Crowley has no obligation under the doctrine of maintenance and cure to authorize and/or pay for any of the medical care currently requested by O'Grady for his current treatment of the Conditions or for any future care for which O'Grady may seek payment allegedly arising from this incident;

2.        That the Court declare that Crowley has no obligation under the doctrine of maintenance and cure to provide O'Grady with a daily stipend (or "maintenance") while O'Grady receives medical care for his current treatment of the Conditions until O'Grady reaches a point of maximum medical improvement;

3.        For attorney's fees and costs of suit incurred herein; and

4.        For such other and further relief as the Court may deem just and proper.

DATED this 11th day of June, 2019.

NICOLL BLACK & FEIG PLLC


/s/ W.L. Rivers Black
W.L. Rivers Black, OSB No. 045397
*Attorneys for Crowley*